**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-50754
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALMODOVAR-OLIVAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:08-CR-70-3

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Almodovar-Olivas was convicted of one count of aiding and abetting possession of marijuana with intent to distribute. The district court sentenced him to serve 46 months in prison and a five-year term of supervised release. In this appeal, Almodovar-Olivas argues that his sentence should have been based solely on the marijuana that he knew to be involved with his offense. He maintains that he had no knowledge of the methamphetamine that was also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involved with his offense, and he argues he should not have been held responsible for the methamphetamine at sentencing because he was unaware of it and had not agreed to be involved with it. We conduct a de novo review of the district court's application and interpretation of the Sentencing Guidelines, and its factual findings are reviewed for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Almodovar-Olivas has shown no error in connection with his sentence. A defendant need not have knowledge of the type of drug he is carrying in order for the drug to be used in the calculation of his sentence. *United States v. Gamez-Gonzalez*, 319 F.3d 695, 700 (5th Cir. 2003); *United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999). Almodovar-Olivas's arguments to the contrary are unavailing.

The judgment of the district court is AFFIRMED.